ESTEBAN MORALES, Petitioner and Appellee, v. EUSTAQUIA VILLALBA, Defendant and Appellant.

No. 7686. Argued June 3, 1938.—Decided July 6, 1938.

*José Veray, Jr.,* and *Salvador Veray Barreda* for appellant. *Juan J. García Añeses* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a *habeas corpus* proceeding instituted by a father to recover possession of a child. The District Court of Aguadilla held in his favor. We shall make a résumé of the facts taken from the opinion of the court below.

Esteban Morales sought the possession of his daughter, Amanda Morales, whom he alleged was unjustly detained by her aunt, Eustaquia Villalba; that, he alleged, the said aunt had no authority for the retention; and that he had tried directly and through others to take the child to his house, all without success. Other statements he made which are unimportant.

After a demurrer overruled, an answer, among other things, denied the unjust detention; denied that petitioner had solicited the possession of the child, directly or indirectly, and denied other unimportant averments of the complaint. Then the answer set up that the child was a daughter of a sister of respondent; that fifteen days after the birth of the child, the father abandoned his wife and child, leaving his said wife and daughter in misery; that the child continued to live with her mother who supported her with the aid of the child's uncles, of the respondent and Francisco Villalba, creating a situation that persisted until the death of the mother in 1932; that the mother in her last years recommended the custody of the child to the defendant; that after the death of the mother, the child, with the aid of an uncle, was taken care of by the aunt who brought her up with the love and disinterestedness of a mother; that the petitioner never concerned himself over his daughter; did not give her

food, medical attention, or schooling; that the child from the death of the mother had known no protectors other than her uncles, the defendant, and Francisco Villalba; that the minor tenaciously opposed living with her father; that the aunt loved her niece and the latter her aunt devotedly; that the husband lived with various women of bad reputation and, according to report, had married his latest concubine, and that he was an unfit person for the custody of a child; that it would be cruel to separate the child from her present surroundings.

The court found that Amanda Morales was the natural acknowledged child of petitioner; that the mother died four or five years before; that the father unquestionably had the right of *patria potestas* over the child; that Esteban Morales was a young man, well and strong, a capable carpenter; that he earned enough to take good care of the child; that he had lived in concubinage with María Sus, but had legalized the status by marriage; that his conduct in the community had always been good; that he was living in the most favorable neighborhood of Aguadilla, well above the sea; that the aunt, on the contrary, was living in the least desirable part of Aguadilla; that although the aunt was living in concubinage, that both she and the man she lived with were excellent persons, as the judge himself knew; that both parties were more or less in the same financial condition with the advantage for the petitioner that defendant had three children. Then the court said:

"Upon testifying, the child said, among other things, that she did not love her father, which is the result of the moral influence under which she lives, inasmuch as from the defendant's evidence and from the manner in which she and her witnesses testified, the court has felt bound to conclude that, because of old differences and quarrels, they profoundly hate the plaintiff to such an extent as to oppose the continuance of the natural and legal relations which should lend warmth to the love between father and child.

"We have arrived at the conclusion that it would be really inhuman for such a situation to continue; that a child of such a

tender age should not be denaturalized, so to speak, by imbuing her with a feeling of repulsion towards her father who loves her and acknowledged her but a few days after her birth; that this animosity of her aunt and companion with regard to the plaintiff is the probable and proximate cause of the failure of the father to lend the daughter more of a pecuniary aid than he has done up to now.

"Now, the only circumstance which might result in prejudice to the child is that because of her living in the country with her father her attendance to school would be rendered more difficult, but inasmuch as he has promised to take her there personally and as we believe the aunt's affection for the child is sincere, she could easily enter into an arrangement with the petitioner by which the child could have lunch at her house, thus continuing, day by day, the family relations.

"The court considers this aspect of the case because it is conscious of the fact that it is acting for the state as a sort of *parens patriae*, and is exercising a special guardianship, which might be called emi-nent guardianship over the child, Amanda Morales.

"The fact that her uncle Francisco Villalba, as appears from the evidence, may have helped this child, does not prevent him from continuing to aid her if he really loves her in spite of the change in the situation.

"As a result of the evidence and in view of the preceding consid-erations, we are of the opinion that the minor, Amanda Morales, would benefit by going to live with her father, inasmuch as it has been shown that he can financially take care of her and is in a condi-tion to provide the support required by law, as well as to righteously guide her in the moral field, and therefore the court has decided to make its preliminary writ a final one, granting, as it does, to the petitioner Esteban Morales, the care and custody of the person of his acknowledged daughter Amanda Morales, without a bar to taking whatever measures future events should demand."

The appellant maintains that the well-being of the child would require that she stay with her aunt, and counsel cite: *Chabert* v. *Sánchez*, 29 P.R.R. 225; 12 R.C.L. 1215; *Babás* v. *Rodríguez*, 36 P.R.R. 453; that the child does not want to leave her aunt; that it is wrong to send the minor from a secure position to an uncertain one.

We, however, feel bound to respect the discretion of the district judge, especially, as he knew all about the defendant.

We find nothing in the cited cases or the evidence sufficient to overcome the right of the father. Moreover, the child has a legal claim on the father and none on her aunt. The second *Chabert* case shows how parents may deserve the custody of a child. 30 P.R.R. 712.

The judgment should be affirmed.

Mr. Justice Travieso and Mr. Justice De Jesús took no part in the decision of this case.